UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

AMAURYS DE JESUS FERREIRA,
       Plaintiff,

v.
                                           JURY TRIAL DEMANDED

UNITED STATES OF AMERICA,
UNITED STATES BUREAU OF ALCOHOL,
 TOBACCO AND FIREARMS,
Jaime Van Vliet - ATF Supervisor,
Javier Ribas,
Pat Higgins,
R. Vrchota,
Keith Stokes,
Aaron Silver,
Pete Perez,
Eric Davis,
Jorge Nunez,
Carlos Castillo,
Peter Chong-Yen,
Richard Silva,
Troy Raines,
Unknown ATF Agent,
   in their individual and official
    capacity,
        Respondent.
_____/

**COMPLAINT FOR DAMAGES**
(Assault & Battery, Negligence, Violation of Fourth & Fourteenth Amendment Rights)

   Plaintiff, Amaurys De Jesus Ferreira ("Ferreira") sue the United States of America, the U.S. Bureau of Alcohol, Tobacco and Firearms ("ATF"), and its agents Jaime Van Vliet, Javier Ribas, Pat Higgins, Unknown ATF Agent, R. Vrchota, Keith Stokes, Aaron Silver, Pete Perez, Eric Davis, Jorge Nunez, Carlos Castillo, Peter Chong-Yen, Richard Silva, Troy Raines in their individual and official capacity for compensatory and punitive damages resulting from the assault and battery and negligence under the Federal Tort Claims Act. Ferreira is also suing the defendants for unjustified use of excessive force of a pretrial detainee in violation of the Fourth and Fourteenth Amendment to the U.S. Constitution in for compensatory and punitive damages in their individual and official capacity.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

AMAURYS DE JESUS FERREIRA,
    Plaintiff,

v.                                                           JURY TRIAL DEMANDED

UNITED STATES OF AMERICA,
UNITED STATES BUREAU OF ALCOHOL,
 TOBACCO AND FIREARMS,
Jaime Van Vliet - ATF Supervisor,
Javier Ribas,
Pat Higgins,
R. Vrchota,
Keith Stokes,
Aaron Silver,
Pete Perez,
Eric Davis,
Jorge Nunez,
Carlos Castillo,
Peter Chong-Yen,
Richard Silva,
Troy Raines,
Unknown ATF Agent,
   in their individual and official
    capacity,
        Respondent.
_____/

**COMPLAINT FOR DAMAGES**
(Assault & Battery, Negligence, Violation of Fourth & Fourteenth Amendment Rights)

    Plaintiff, Amaurys De Jesus Ferreira ("Ferreira") sue the United States of America, the U.S. Bureau of Alcohol, Tobacco and Firearms ("ATF"), and its agents Jaime Van Vliet, Javier Ribas, Pat Higgins, Unknown ATF Agent, R. Vrchota, Keith Stokes, Aaron Silver, Pete Perez, Eric Davis, Jorge Nunez, Carlos Castillo, Peter Chong-Yen, Richard Silva, Troy Raines in their individual and official capacity for compensatory and punitive damages resulting from the assault and battery and negligence under the Federal Tort Claims Act. Ferreira is also suing the defendants for unjustified use of excessive force of a pretrial detainee in violation of the Fourth and Fourteenth Amendment to the U.S. Constitution in for compensatory and punitive damages in their individual and official capacity.

1

## JURISDICTION AND VENUE

1. This action is brought pursuant to 28 U.S.C. § 2671, et seq., the Federal Tort Claims Act ("FTCA") for relief from the commission of tortious acts and <u>Bivens v. Six Unknown Fed. Narcotics Agent</u> for relief from the violation of the Fourth and Fourteenth Amendment and the use of excessive force against a pretrial detainee.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(b)(1).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and (e) because, among other things, a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Florida.

4. Plaintiff has complied with all pre-suit requirements of 28 U.S.C. § 2671, et seq. Specifically on February 8, 2017, Plaintiff submitted to the United States Bureau of Alcohol, Tobacco and Firearms ("ATF") Administrative Claim Form SF 95, Claim for Damage, Injury and Death. The claim was denied on August 3, 2017. The accrued date of injury is October 15, 2015. A copy of the denial is annexed hereto and incorporated herein as Exhibit A.

5. This action was timely commenced following the denial of the Administrative Claim.

## PARTIES

6. Plaintiff is a resident of Florida.

7. The United States is the appropriate party, with certain exceptions for injuries caused by the negligent or wrongful acts or omissions of any federal employee acting within the scope of his or her employment in accordance with the law of the state where the act or omission occurred. The United States is the appropriate party for injuries caused by investigate or law enforcement officers arising out of assault and battery.

8. The United States Bureau of Alcohol, Tobacco and Firearm is the appropriate party, as the the individual defendants were employees, agents, or officers of the ATF, an agency of the United States. Each defendant was at all times relevant acting under the authority of the ATF.

9. Defendant Jaime Van Vliet is a Group Supervisor acting on behalf of Defendant United States of America. As Group Supervisor Van Vliet is responsible for the conduct of the agents acting under his authority. This defendant is sued in his individual capacity.

10. Defenant R. Vrchota was, at all relevant times acting as an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

11. Defendant Keith Stokes was, at all relevant times acting as an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

12. Defendant Aaron Silver was, at all relevant times acting as an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

13. Defendant Pete Perez was, at all relevant times acting as an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

14. Defendant Eric Davis was, at all relevant times acting as an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

15. Defendant Jorge Nunez was, at all relevant times acting as an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

16. Defendant Peter Chong-Yen was, at all relevant times acting as an agent of the Untied States ATF, an agency of the United States. This defendant is sued in his individual capacity.

17. Defendant Carlos Castillo was, at all relevant times acting as an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

17a. Defendant Richard Silva was, at all relevant times acting as an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

17b. Defendant Troy Raines was, at all times relevant an agent of the United States ATF. This defendant is sued in his individual capacity.

17c. Defendant Javier Ribas was at all relevant times an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

17d. Defendant Pat Higgins was, at all times relevant an agent of the United States ATF. This defendant is sued in his individual capacity.

17e. Defendant Unknown Agent was, at all times relevant an agent of the United States ATF. This defendant is sued in his individual capacity.

3

18. Defendant Richard Silva ("Silva") was at all relevant times an agent of the United States ATF, an agency of the United States. This defendant is sued in his individual capacity.

### FACTUAL ALLEGATIONS

19. On July 23, 2014 while driving northbound, Amaurys De Jesus Ferreira ("Ferreira") saw flashing emergency lights in his rear view mirror. Plaintiff thereafter pulled over to the shoulder of the road. See Exhibit B - <u>Declaration of Amaurys Ferreira</u> ("Decl."), ¶2. After stopping, agents approached Plaintiff's vehicle with guns raised and pointed directly at Ferreira. Thereafter plaintiff was instructed at gun point to put his hands up and get out of the vehicle which Ferreira immediately complied with. <u>Id</u>. ¶3.

20. Ferriera was then instructed to ay down on his stomach with his hands on the ground in front of him on the driver's side in the middle of the Florida Turnpike. <u>Id.</u> The incident was recorded by Agent Thomas Ballew and via aerial surveillance. Id. ¶4.

21. The Defendants/ agents of the ATF initiating the stop upon information and belief were R. Vrchota, Keith Stokes, Aaron Silver. Other agnets of the ATF involved in the incident include but not limited to Pete Perez, Eric Davis, Jorge Nunez, Carlos Castillo as well as Thomas Ballew, Michael Beumi, Rodney Hollingshead, Robert Abbot. Additional agents of the ATF included supervisor agent Jaime Van Vliet, Peter Chong-Yen, Richard Silva, Troy Raines, Javier Ribas and Pat Higgins. Id. ¶5.

22. While laying on the hot pavement in the middle of the Florida Turnpike, on his stomach Ferreira was assaulted by the agents whose specific identify are unknown. Id. ¶8. Upon information and belief, the aerial surveillance and video recordings will show the agents named in ¶ 21 putting Ferreira in handcuffs, putting their knee on his head, sideway on the right side of Ferriera's face while scratching it on the hot road causing bloody cuts. Id. ¶6. Exhibit C, D, E demonstrates the facial cuts. Exhibit F are medical evaluations done upon entry to the Palm Beach County Jail affirming the injuries.

4

23. The agents named in ¶21 put pressure on Ferreira's back, while twisting Ferreira's arm very agressively in a backwards direction. During the exchange the agents kept saying "stop resisting," despite Ferreira being already handcuffed. Upon information and belief the agents named in ¶ 21 said stop resisting in order to justify the assault, battery and use of excessive force. At no point in time did Ferriera resist. Ferreira was laying there handcuffed without the use of his strength. Id. Decl. ¶7.

24. The Agents named in ¶21 kicked Ferreira in the back and another pulled his arm until it broke his right side tricep while other agents unknown to Ferreira watched the assault and use of force without intervening. Id. ¶8. Ferreira yelled in pain after his arm broke, and stated "I'm not resisting." The agents use of force was demonstratively unnecessary because Ferreira was already handcuffed. Id.

25. Ferreira already in handcuffs and detained, heard on unknown named in ¶21 state "shoot him, shoot him, don't leave him alive." Id. ¶9. Demonstratively this shows the state of mind of the agents involved. As Ferriera continued to lay on the pavement of a busy highway, an unknown agent named in ¶21 punched Ferreira in the face and stated, "shut the fuck up!" Id. ¶9. Exhibit B, C, D, E demonstates the bruises from the punch.

26. Ferreira was thereafter hoisted off the ground by the handcuff and arm. The handcuffs were put on so tight that they cut into Ferreira's skin. Id. ¶10. Ferreira told the agents that his right arm was broken and left shoulder was torn from the pulling. The agents ignored his complaints of pain and injuries. Id.

27. After repeatedly complaining about the handcuff cutting into his skin, the agents tried to remove the cuffs and could not. Ferreira with the pain from the handcuffs cutting into his skin, the complaint of his right arm broken and left shoulder torn was not taken to a hospital or privded immediate medical care. Agents named in ¶21 failed to intervene to stop the assault and battery. Thereafter Ferreira was taken to the Palm Beach County Sheriff's Office. Id. Fire rescue had to be called to cut the handcuffs off while at the Palm Beach County Sheriff's Office.

5

28. Thereafter agents named in ¶ 21 having knowledge of Ferreira's injury continued to refuse him medical care. Id. ¶12. Ferreira was then transported to the St. Lucie County Jail, upon information and belief to conceal his injuries. Arrestees with medical injuries are not accepted by jails, hence why Ferreira was taken to St. Lucie County Jail vs. the Palm Beach County Jail.

29. Between his arrest and through the accrued date he was injuries were diagnosed, Ferreira continued to request medical attention, an MRI, pain medication, surgery and was denied.

30. On October 15, 2015 Ferreira received a medical diagnosis of the injuries sustained as a result of the assault and battery and use of excessive force by the agents named in ¶21. See Exhibit G. The diagnosis identified a rupture of his triceps with a 2.2 cm retraction. Id.

31. As demonstrated by Exhibit _H_, Seven Corners, additional recommendations by Seven Corners, a medical contracter - surgical intervention for the torn triceps. This diagnosis was confirmed by Jewett Orthopaedic Clinic. Id.

32. As a result of the acts of the agents described in paragraphs 19 through 29, Ferreira suffered pain and suffering and injuries, a bloody cut on his face, facial damage from the punch, and a torn tricep that continues to deteriorate. Ferreira continues to suffer from pain and todate as a result of the injuries caused by the agents. The ruptured triceps have yet to be repaired and his condition continues to get worse.

## COMMON LAW CLAIMS AGAINST THE UNITED STATES
### (FTCA)

33. The actions of the agents named in paragraph 21 set forth in paragraphs 22 through 27 constitute assault and battery in violation of Florida common law. Under the Federal Tort Claim Act, the defendant United States of America is liable to the plaintiff for the unlawful action of the agents named in paragraph 2 as they were acting wtihin the scope of their employment as law enforcement officer of the United States ATF.

6

34.   The actions of the agents set forth in paragraph 22 through 28 constitute negligence in violation of Florida common law.  The agents had a duty to plaintiff not to place handcuffs on the plaintiff's wrist so that the mere placement of the handcuffs caused pain and injury.  The agents breached a duty when they placed the handcuffs on this plaintiff's writ in a manner that caused the plaintiff pain and injury.  The breach of their duty constituted negligence in violation of Florida common law and was direct and proximate cause of the plaintiff's pain and injury.  Under the FTCA, the defendant United States of America is liable to the plaintiff for the unlawful actions of the agents named in paragraph 21, as they were acting within the scope of their employment as law enforcement officers of the United States ATF, an agency of the United States.

## CONSTITUTIONAL CLAIMS AGAINST AGENTS
(Bivens Claim)

35.   The actions of the officers named in paragraph 21 set forth in paragraph 22 through 28 violated plaintiff's right to be from unreasonable detention, search and seizure under the Fourth Amendment to the U.S. Constitution.  The defendants named in paragraph 21 is liable to the defendant for the unlawful actions in violation of the Constitution.

36.   The actions of the agents named in paragraph 21 set forth in paragraph 22 through 28 violated plaintiff's right to be free from the excessive force under the Fourteenth Amendment.  the defendants named in paragraph 21 is liable to the defendant for the unlawful actions in violation of the Constitution.

37.   The defendant's specific faces are currently unknown and undiscoverable by plaintiff.  The plaintiff will amend this complaint to state the specific names as soon as possible.

## PRAYER FOR RELIEF

A.  On the claims stated in paragraph 22 thru 28 the plaintiff aks the Court to enter judgment against defendant United States of America.

B.  On the claims stated in paragraphs 22-28, the Plaintiff ask the Court to enter judgment against defendant United States of America and to hold the Defendant United States of America liable to the plaintiff for compensatory damages.

7

c. On the claims stated in paragraph 24 through 27, the Plaintiff asks the court to enter judgment against defendant agents named in paragraph 21.

d. For the injuries that the plaintiff suffered as a result of the claims stated in paragraph 24 through 27, the plaintiff asks the Court to hold defendants United States of America and the agents named in paragraph 21 jointly and severally liable for compensatory damages and the cost of this action.

e. For the claims stated in paragraph 24 through 27, the plaintiff aks the Court to hold Defendant's named in paragraph 21 furhter liable for punitive damages.

## JURY DEMAND

Plaintiff demands a jury trial of his constitutional claims against the agents named in paragraph 21.

Dated: November 14, ~~October 29~~, 2017

Respectfully submitted,

Amaurys De Jesus Ferreira,
Reg # 61468-004
FCI Coleman Low
P O Box 1031
Coleman, Florida  33521