UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-cv-81262-DMM

AMAURYS DE JESUS FERREIRA,
                    Plaintiff,

v.

UNITED STATES OF AMERICA, et al,
                    Defendants.
_____/

FILED BY _CJJ_ D.C.

OCT 07 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Plaintiff's Motion for Leave
to Amend the Operative Complaint

Plaintiff, AMAURYS DE JESUS FERREIRA, pro se, hereby files his Motion for Leave to Amend the Operative Complaint pursuant to F.R.C.P. 15(a)(2). Plaintiff requests his Motion be construed liberally. Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff requests leave be given for the following reasons:

On or about November 11, 2017, Plaintiff filed his initial complaint in this matter. [D.E. 1.] Therein, he asserted claims against United States of America; the U.S. Bureau of Alcohol, Tobacco, and Firearms; thirteen individually-named law enforcement officers; and an "unknown agent." [Id.] As to the thirteen known and "unknown" individuals, Plaintiff alleged claims for violation of his rights pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). [Id.] Performing its "gatekeeper" role under 28 U.S.C. § 1915A, this Court dismissed the claims against United States of America, ATF, and the "John Doe" defendant(s). [D.E. 7.] The Court permitted the the case to proceed against the thirteen named defendants. [Id.;

D.E. 76; D.E. 83.]

Prior to filing his lawsuit, Plaintiff submitted a request under the Freedom of Information Act to obtain documentation to identify the officers involved in his arrest (since he was unable at the time of arrest to see specific officers behind him) to Palm Beach County Sheriff's office. The result included a report naming the thirteen named defendants. As such, Plaintiff filed suit against those thirteen individuals.

Now, during the course of this litigation and discovery, the North Miami Beach officer defendants (CASTILLO, DAVIS, NUNEZ, and PEREZ) provided a report. Therein, it is documented that three other officers from the North Miami Beach Police department were those who actually made physical contact with Plaintiff to effectuate his arrest, namely Lino Diaz, Dukens Sanon, and Edward Garcia.

As a result of this new discovery of the "unknown" agent(s) originally pled (and previously dismissed as "John Doe"), Plaintiff seeks leave to amend his complaint and now name these three individuals as defendants.

F.R.C.P. 15(a)(2) notes that the Court should "freely give leave" to amend when "justice so requires." In this instance, to deny Plaintiff leave to add these new parties who may have physically caused Plaintiff's injuries in the course of violating his constitutional rights (while the previously-named defendants participated and/or observed the violations without intervening) would fly in the face of justice being served.

Further, to the extent this Court in its § 1915A screening

capacity is concerned that such an amendment would prove futile by application of a statute of limitations, Plaintiff contends it would not, as the statute of limitations of four years has only just commenced. Plaintiff's arrest occured July 23, 2014, and he learned of his injury via an MRI on or about October 15, 2015. Yet, as noted above, Plaintiff had no knowledge of who directly caused his injury until August 13, 2019, when the discovery     including the North Miami Beach report  identifying Diaz, Sanon, and Garcia was produced.

Under Eleventh Circuit precedent, in § 1983 cases (and, by extension, Bivens cases), "the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Calhoun v. Alabama Alcohol Beverage Control Bd., 705 F.2d 422, 425 (11th Cir. 1983). Such actions do not acrue until the plaintiff knows or has reason to know he has been injured. Id., at 424; Rubin v. O'Koren, 621 F.2d 114, 116 (5th Cir. 1980); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Nor will an action acrue until the plaintiff is aware or should have been aware who has inflicted the injury. Lavellee, at 1131 (quoting U.S. v. Kubrick, 444 U.S. 111 (1979)).

In this case, Plaintiff acted diligently and prudently prior to filing suit by investigating his arrest by the arresting/incarcerating agency, i.e. Palm Beach County Sheriff. That agency identified thirteen involved individuals. That identification led directly to those officers being named defendants.

In an abundance of caution, Plaintiff also included "unknown" agents — who were dismissed. Now, Plaintiff has been made aware of the identity of who (most likely) inflicted his injury. August 13, 2019, is, thus, the triggering date for the statute of limitations to commence pursuant to Lavellee. Therefore, Plaintiff's requested amendment would not be futile.

Wherefore, since the requested amending of the operative complaint would not be barred by the statute of limitations and would serve the interest of justice, Plaintiff respectfully requests this Court grant him leave to amend the complaint to add the three recently-identified involved individual law enforcement officers, and for any and all other relief this Court deems just and proper. Under L.R. 15.1, Plaintiff has attached his proposed Amended Complaint and, upon granting the instant motion, deem the attachment filed with the Court.

<u>Certificate of Service</u>
I hereby certify that on the date noted below, the foregoing was filed with the Clerk of Courts by placement in the Inmate Mail System of the institution noted below, thus satisfying Houston v. Lack; and counsel for all other parties will be served via the CM/ECF System upon receipt by the Clerk's office.

DATED: 10/3/19

Respectfully Submitted,

Amaurys De Jesus Ferreira
#61468-004
FCI Coleman Low
P.O. Box 1031
Coleman, Florida
33521-1031

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-cv-81262-DMM


AMAURYS DE JESUS FERREIRA,
               Plaintiff,

v.

UNITED STATES OF AMERICA; U.S. BUREAU
OF ALCOHOL, TOBACCO, AND FIREARMS;
JAIME VAN VLIET, JAVIER RIBAS, PAT
HIGGINS, R. VRCHOTA, KEITH STOKES,
AARON SILVER, PETE PEREZ, ERIC DAVIS,
JORGE NUNEZ, CARLOS CASTILLO, PETER
CHONG-YEN, RICHARD SILVA, TROY RAINES,
UNKNOWN ATF AGENT, LINO DIAZ, DUKENS
SANON, EDWARD GARCIA,
               Defendants.

_____/

### Amended Complaint

Plaintiff, AMAURYS DE JESUS FERREIRA, does hereby sue Defendants VAN VLIET, RIBAS, HIGGINS, VRCHOTA, STOKES, SILVER, PEREZ, DAVIS, NUNEZ, CASTILLO, CHONG-YEN, SILVA, RAINES, DIAZ, SANON, and GARCIA in their individual and official capacity(ies) for compensatory and punitive damages as set forth herein (Defendants USA, ATF, and UNKNOWN ATF AGENT were previously dismissed and, while the case caption remains, no cause of action is alleged against those dismissed Defendants). Plaintiff alleges the following:

### Jurisdiction and Venue

1.    This action is brought for relief arising from violation of Plaintiff's rights pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and/or 42 U.S.C. § 1983.

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1)(B) because, inter alia, a substantial part of the events or omissions giving rise to the claims herein occured within the Southern District of Florida.

4. Plaintiff has complied with all conditions precedent to filing of suit, or those conditions precedent have been waived.

Parties

5. Plaintiff is a resident of the state of Florida.

6. At all times relevant to this matter, Defendant VAN VLIET was an agent with the ATF and a member of a Federal Joint Task Force acting under color of law.

7. At all times relevant to this matter, Defendant RIBAS was an agent with the ATF and a member of a Federal Joint Task Force acting under the color of law.

8. At all times relevant to this matter, Defendant HIGGINS was an agent with the ATF and a member of a Federal Joint Task Force acting under the color of law.

9. At all times relevant to this matter, Defendant VRCHOTA was an officer with Palm Beach Sheriff's Office and a member of a Federal Joint Task Force acting under the color of law.

10. At all times relevant to this matter, Defendant STOKES was an officer with Palm Beach Sheriff's Office and a member of a Federal Joint Task Force acting under the color of law.

11. At all times relevant to this matter, Defendant SILVER was an officer with Palm Beach Sheriff's Office and a member of a Federal Joint Task Force acting under the color of law.

12.   At all times relevant to this matter, Defendant PEREZ was an officer with the North Miami Beach police department and a member of a Federal Joint Task Force acting under color of law.

13.   At all times relevant to this matter, Defendant DAVIS was an officer with the North Miami Beach police department and a member of a Federal Joint Task Force acting under color of law.

14.   At all times relevant to this matter, Defendant NUNEZ was an officer with the North Miami Beach police department and a member of a Federal Joint Task Force acting under color of law.

15.   At all times relevant to this matter, Defendant CASTILLO was an officer with the North Miami Beach police department and a member of a Federal Joint Task force acting under color of law.

16.   At all times relevant to this matter, Defendant CHONG-YEN was an agent with the ATF and a member of a Federal Joint Task Force acting under color of law.

17.   At all times relevant to this matter, Defendant SILVA was an agent with the ATF and a member of a Federal Joint Task Force acting under color of law.

18.   At all times relevant to this matter, Defendant RAINES was an agent with the ATF and a member of a Federal Joint Task Force acting under color of law.

19.   At all time relevant to this matter, Defendant DIAZ was an officer with the North Miami Beach police department and a member of a Federal Joint Task Force acting under color of law.

20.   At all times relevant to this matter, Defendant SANON was

an officer with the North Miami Beach police department and a member of a Federal Joint Task Force acting under color of law.

21.   At all times relevant to this matter, Defendant GARCIA was an officer with the North Miami Beach police department and a member of a Federal Joint Task Force acting under color of law.

## Factual Allegations

22.   On or about July 23, 2014, Plaintiff was driving northbound on the Florida Turnpike in Palm Beach County, Florida.

23.   On that date, Plaintiff saw flashing emergency lights in his rear view mirror.

24.   Plaintiff promptly pulled over to the shoulder of the roadway.

25.   After Plaintiff's vehicle stopped, some Defendants approached Plaintiff's vehicle with their service weapons drawn and brandished, aiming at Plaintiff and his vehicle.

26.   Defendants either approached Plaintiff's vehicle or observed those who did.

27.   Plaintiff was instructed at gun-point to exit the vehicle with hands raised.

28.   Plaintiff immediately complied with that instruction.

29.   Plaintiff was instructed at gun-point to lay prone upon the ground on the driver's side of the vehicle.

30.   Plaintiff immediately complied with that instruction as well, laying upon his stomach on the hot pavement with his hands spread apart over his head and legs spread apart.

31. The traffic stop and arrest were recorded videographically by law enforcement officers and/or aerial surveillance.

32. While laying prone on the asphalt, Plaintiff was assaulted by law enforcement officers via the application of excessive force viz-a-viz:

    a.  While effectuating Plaintiff's arrest, a Defendant placed his knee upon Plaintiff's sideways-turned head, pressing his cheek into the hot asphalt, and causing bloody cuts and/or abrasions;

    b.  Pressure was put by law enforcement officer(s) on Plaintiff's back as his left arm was twisted aggressively backwards;

    c.  Plaintiff complied with all law enforcement directives and offered no resistance;

    d.  Plaintiff was kicked in the back and/or side while laying prone;

    e.  Plaintiff's right arm was violently pulled behind his back to be placed in handcuffs;

    f.  Plaintiff yelled in pain and stated clearly that "he was not resisting;"

    g.  Plaintiff was punched in the face and told to "shut the fuck up!";

    h.  Already handcuffed, Plaintiff heard a Defendant state, "shoot him, shoot him, don't leave him alive;" and,

    i.  As Plaintiff was hoisted from the ground, the handcuffs cut into his skin because they had been applied too tightly.

33.   Subsequent to his arrest, Plaintiff complained to law en-
forcement officers that his right arm was "broken" and left
shoulder was "torn."

34.   At no time was Plaintiff provided prompt medical care and/
or evaluation of his alleged injuries despite his complaints
of signifcant pain.

35.   On the date of his arrest, prior to his arrest, Plaintiff
did not have any injury to his right arm or left shoulder.

36.   The only interaction Plaintiff had with Palm Beach County
Fire Rescue on the date of his arrest was to cut the handcuffs
from his wrist, and no treatment was provided for his alleged
and complained of injuries.

37.   Upon information and belief, Defendants DIAZ, SANON, and
GARCIA, along with undetermined other Defendants, physically
assaulted and/or battered Plaintiff on the date of his arrest.

38.   Upon information and belief, those Defendants not physic-
ally in contact with Plaintiff on the date of his arrest obser-
ved the actions of those Defendants that physically assaulted
and/or battered Plaintiff, and took no steps to stop such act-
ions.

39.   Upon information and belief, on the date of Plaintiff's
arrest, each Defendant had received training into what const-
ituted appropriate force and excessive force.

40.   Upon information and belief, on the date of Plaintiff's
arrest, each Defendant knew or had reasonable opportunity to
know that the use of excessive force in effectuating an arrest
violated an individual's constitutional rights.

41. Since the date of his arrest, Plaintiff has received some medical care for his injuries, viz-a-viz:

  a.  MRI exams showing a torn left shoulder tendon tear and right torn tricep;

  b.  Surgical intervention for attempted repair to the right torn tricep; and,

  c.  Recommended surgical intervention for a left shoulder replacement.

42. Plaintiff's alleged injuries were caused during effectuation of his arrest.

43. Plaintiff suffered, and continues to suffer, from pain caused by his current injuries and medical conditions.

44. The actions allegedly attributed to Defendants violated Plaintiff's Fourth and Fourteenth Amendment constitutional rights.

## Count 1 (against VAN VLIET)

45. Plaintiff realleges and reavers the allegation set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

46. On July 23, 2014, Defendant VAN VLIET either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

47. Defendant VAN VLIET's actions and/or omission to act violated Plaintiff's rights to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

48. Defendant VAN VLIET's actions and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

49. Defendant VAN VLIET is liable for the injuries Plaintiff sustained as a result of the constitutional violations. Wherefore, Plaintiff requests entry of judgment in his favor against Defendant VAN VLIET, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

### Count 2 (against RIBAS)

50. Plaintiff realleges and reavers the allegation set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

51. On July 23, 2014, Defendant RIBAS either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

52. Defendant RIBAS's actions and/or omission to act violated Plaintiff's rights to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

53. Defendant RIBAS's actions and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

54. Defendant RIBAS is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff requests entry of judgment in his

favor against Defendant RIBAS, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

### Count 3 (against HIGGINS)

55.  Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

56.  On July 23, 2014, Defendant HIGGINS either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

57.  Defendant HIGGINS's action and/or omission to act violated Plaintiff's rights to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

58.  Defendant HIGGINS's actions and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

59.  Defendant HIGGINS is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff requests entry of judgment in his favor against Defendant HIGGINS, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

### Count 4 (against VRCHOTA)

60.  Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein

verbatim.

61.  On July 23, 2014, Defendant VRCHOTA either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

62.  Defendant VRCHOTA's action and/or omission  to act violated Plaintiff's rights to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

63.  Defendant VRCHOTA's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

64.  Defendant VRCHOTA is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

     Wherefore, Plaintiff requests entry of judgment in his favor against Defendant VRCHOTA, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

## Count 5 (against STOKES)

65.  Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

66.  On July 23, 2014, Defendant STOKES either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

67.  Defendant STOKES's action and/or omission to act violated

Plaintiff's rights to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

68.  Defendant STOKES's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

69.  Defendant STOKES is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff requests entry of judgment in his favor against Defendant STOKES, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

## Count 6 (against SILVER)

70.  Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

71.  On July 23, 2014, Defendant SILVER either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

72.  Defendant SILVER's action and/or omission to act violated Plaintiff's rights to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

73.  Defendant SILVER's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

74. Defendant SILVER is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff requests entry of judgment in his favor against Defendant SILVER, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

<u>Count 7 (against PEREZ)</u>

75. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

76. On July 23, 2014, Defendant PEREZ either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

77. Defendant PEREZ's action and/or omission to act violated Plaintiff's rights to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

78. Defendant PEREZ's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S Constitution's Fourteenth Amendment.

79. Defendant PEREZ is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff requests entry of judgment in his favor against Defendant PEREZ, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

## Count 8 (against DAVIS)

80.  Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

81.  On July 23, 2014, Defendant DAVIS either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

82.  Defendant DAVIS's action and/or omission to act violated Plaintiff's right to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

83.  Defendant DAVIS's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S Constitution's Fourteenth Amendment.

84.  Defendant DAVIS is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff, requests entry of judgment in his favor against Defendant DAVIS, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

## Count 9 (against NUNEZ)

85.  Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

86.  On July 23, 2014, Defendant NUNEZ either physically used excessive force in effectuating Plaintiff's arrest and/or ob-

served those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

87.  Defendant NUNEZ's action and/or omission to act violated Plaintiff's right to be free from unreasonable detention, and unreasonable search and  seizure under the U.S. Constitution's Fourth Amendment.

88.  Defendant NUNEZ's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S Constitution's Fourteenth Amendment.

89.  Defendant NUNEZ is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff, requests entry of judgment in his favor against Defendant NUNEZ, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

## Count 10 (against CASTILLO)

90.  Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

91.  On July 23, 2014, Defendant CASTILLO either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

92.  Defendant  CASTILLO's action and/or omission to act violated Plaintiff's right to be free from unreasonable detention, and unreasonable search and seizure under the U.S constitution's Fourth Amendment.

93.  Defendant CASTILLO's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

94.  Defendant CASTILLO is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff, requests entry of judgment in his favor against Defendant CASTILLO, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

### Count 11 (against CHONG-YEN)

95.  Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

96.  On July 23, 2014, Defendant CHONG-YEN either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

97.  Defendant  CHONG-YEN's action and/or omission to act violated Plaintiff's right to be free from unreasonable detention, and unreasonable search and seizure under the U.S Constitution's Fourth Amendment.

98.  Defendant CHONG-YEN's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

99.  Defendant CHONG-YEN is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff, requests entry of judgment in his

favor against Defendant CHONG-YEN, award compensatory and puni-
tive damages, award attorney fees/costs of this action, and any
and all other relief this Court deems just and proper.

### Count 12 (against SILVA)

100. Plaintiff realleges and reavers the allegations set forth
in Paragraphs 1 through 44, inclusively, as if set forth herein
verbatim.

101. On July 23, 2014, Defendant SILVA either physically used
excessive force in effectuating Plaintiff's arrest and/or ob-
served those who did and failed to prevent such action, acting
with evil motive or intent, or reckless or callous indifference.

102. Defendant's SILVA's action and/or omission to act violated
Plaintiff's right to be free from unreasonable detention, and
unreasonable search and siezure under the U.S. Constitution's
Fourth Amendment.

103. Defendant's SILVA's action and/or omission to act violated
Plaintiff's right to be free from the excessive use of force
under the U.S. Constitution's Fourteenth Amendment.

104. Defendant SILVA is liable for the injuries Plaintiff sus-
tained as a result of the constitutional violations.

Wherefore, Plaintiff, requests entry of judgment in his
favor against Defendant SILVA, award compensatory and punitive
damages, award attorney fees/costs of this action, and any and
all other relief this Court deems just and proper.

### Count 13 (against RAINES)

105. Plaintiff realleges and reavers the allegations set forth
in Paragraphs 1 through 44, inclusively, as if set forth herein

verbatim.

106. On July 23, 2014, Defendant RAINES either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

107. Defendant RAINES's action and/or omission to act violated Plaintiff's right to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

108. Defendant RAINES's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

109. Defendant RAINES is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff, requests entry of judgment in his favor against Defendant RAINES, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

### Count 14 (against DIAZ)

110. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

111. On July 23, 2014, Defendant DIAZ either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

112. Defendant's DIAZ's action and/or omission to act violated

Plaintiff's right to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

113. Defendant DIAZ's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

114. Defendant DIAZ is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff, requests entry of judgment in his favor against Defendant DIAZ, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

<u>Count 15 (against SANON)</u>

115. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

116. On July 23, 2014, Defendant SANON either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

117. Defendant SANON's action and/or omission to act violated Plaintiff's right to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

118. Defendant SANON's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

119. Defendant SANON is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff requests entry of judgment in his favor against Defendant SANON, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

### Count 16 (against GARCIA)

120. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 44, inclusively, as if set forth herein verbatim.

121. On July 23, 2014, Defendant GARCIA either physically used excessive force in effectuating Plaintiff's arrest and/or observed those who did and failed to prevent such action, acting with evil motive or intent, or reckless or callous indifference.

122. Defendant GARCIA's action and/or omission to act violated Plaintiff's right to be free from unreasonable detention, and unreasonable search and seizure under the U.S. Constitution's Fourth Amendment.

123. Defendant GARCIA's action and/or omission to act violated Plaintiff's right to be free from the excessive use of force under the U.S. Constitution's Fourteenth Amendment.

124. Defendant GARCIA is liable for the injuries Plaintiff sustained as a result of the constitutional violations.

Wherefore, Plaintiff requests entry of judgment in his favor against Defendant GARCIA, award compensatory and punitive damages, award attorney fees/costs of this action, and any and all other relief this Court deems just and proper.

## Jury Trial Demand

125. Plaintiff demands a trial by jury on all issues so traible.

DATED: __10/3/19__

Respectfully Submitted,

Amaurys De Jesus Ferreira
#61468-004
FCI Coleman Low
P.O. Box 1031
Coleman, Florida
33521-1031

MAURYS FERREIRA
#61468-004
FEDERAL CORRECTIONAL COMPLEX-LOW
P.O. BOX 1031
COLEMAN, FLORIDA 33521

United States District court
Southern District of Florida
Clerk of courts
701 Clematis street
Room 202
West Palm Beach, Florida 33401

7018 2290 0001 1629 0442


UNITED STATES
POSTAL SERVICE
1023

U.S. POSTAGE PAID
FCM LG ENV
COLEMAN, FL
33521
OCT 04, '19
AMOUNT
$0.00
R2304Y122865-09
33401



FOREVER / USA
FOREVER / USA
FOREVER / USA



... THROUGH SPECIAL
MAILING, THE LETTER HAS BEEN
NEITHER OPENED OR INSPECTED.
IF THE WRITER RAISES A QUESTION
OR A PROBLEM OVER WHICH THIS
FACILITY HAS JURISDICTION, YOU
MAY WISH TO RETURN THE MAIL
FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER
ENCLOSED CORRESPONDENCE
FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE
ENCLOSURE TO THE ABOVE
ADDRESSEE.

10-03-19
DATE

MAIL ROOM STAFF