UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  17-cv-81262-DMM

AMAURYS DEJESUS FERREIRA,

       Plaintiff,

vs.

UNITED STATES OF AMERICA;
UNITED STATES BUREAU OF ALCOHOL,
TOBACCO AND FIREARMS; JAIME VAN
VLIET-ATF Supervisor; JAVIER RIBAS;
PAT HIGGINS; R. VRCHOTA; KEITH STOKES;
AARON SILVER; PETE PEREZ; ERIC DAVIS;
JORGE NUNEZ; CARLOS CASTILLO;
PETER CHONG-YEN; RICHARD SILVA;
TROY RAINES; UNKNOWN ATF AGENT,
in their individual and official capacity, LINO DIAZ,
DUKENS SANON, EDWARD GARCIA,

       Defendant.
_____/

**<u>DEFENDANTS, ERIC DAVIS', JORGE NUNEZ'S, CARLOS CASTILLO'S, AND PETE PEREZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE OPERATIVE COMPLAINT</u>**

Defendants, ERIC DAVIS ("Davis"), JORGE NUNEZ ("Nunez"), CARLOS CASTILLO ("Castillo") and PETE PEREZ ("Perez"), ("Defendants"), by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby file their response in opposition to the Motion For Leave to Amend the Operative Complaint [DE 94] filed by Plaintiff, AMARURYS DEJESUS FERREIRA ("Plaintiff"), and state:

## I.     Introduction and Relevant Background

1.      On or around November 14, 2017, Plaintiff filed a civil complaint against thirteen individuals, as well as "an unknown ATF agent," the United States and the United States Bureau of Alcohol, Tobacco and Firearms. [DE 1], generally.

2.      According to the Complaint, on July 23, 2014, Plaintiff was driving and pulled over to the side of the road upon seeing flashing emergency lights. Id. at ¶ 19.

3.      The Complaint alleges that Plaintiff was ordered out of his vehicle, subsequently forced to lay in the roadway, and assaulted by the individually named defendants. Id. at ¶¶ 20, 22.

4.      Additionally, Plaintiff alleges that other defendants watched the assault occur without intervening and refused to provide him with medical care as he was being assaulted. See, e.g. Id. at ¶¶ 24, 27.

5.      On October 3, 2019,[1] Plaintiff filed a Motion for Leave to Amend the Operative Complaint ("Motion") to now, for the first time, attempt to name officers Lino Diaz ("Diaz"), Dukens Sanon ("Sanon"), and Edward Garcia ("Garcia") – the "*three other officers from the North Miami Beach Police [D]epartment who actually made physical contact with Plaintiff to effectuate his arrest….[and] who most likely inflicted his injury…*"- as defendants. [DE 94] at pgs. 2-3.

---

[1] Docketed and served on the Defendants on October 7, 2019.

6. The purported basis of Plaintiff's proposed amendment is that Plaintiff allegedly learned of the identities of these individuals "*during the course of this litigation and discovery…*" Id. at pgs. 2,4.

7. As discussed in greater detail below, Plaintiff Motion should be denied because (a) any amendment to the Complaint would be futile and (b) justice would not be served by permitting Plaintiff to amend the Complaint.

## II.  MEMORANDUM OF LAW

### A. The Statute of Limitations Bars Plaintiff's Proposed Amendment

Plaintiff's request for leave to amend the operative complaint should be denied because amendment would be futile as Plaintiff's purported claims against Diaz, Sanon, and Garcia are absolutely barred by the statute of limitations. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "*[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires*." However, "*[a] proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.*" Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (same).

Here, Plaintiff alleges that his rights were violated by Defendants under 42 U.S.C. §1983. "*The statute of limitations for section 1983 claims in Florida is four years*." Porter v. White, 483 F.3d 1294, 1304 n.6 (11th Cir. 2007) (citing Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003)).

> "*For a section 1983 action, the statute of limitations accrues 'from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.*" Brown v. Ga. Bd. Of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980) ("*it is not hard to state the federal standard governing the accrual of a cause of action under s 1983: "(f)ederal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action.*"); see also O'Berry v. State Attorneys Office, 241 Fed. App'x. 654, 659 (11th Cir. 2007) (denying Plaintiff's motion for leave to amend and stating, "*O'Berry arguably could have discovered the facts giving rise to his complaint earlier, had he exercised "reasonably prudent regard for his rights."*").

*Sub judice*, Plaintiff complains that his rights were violated during an alleged **July 23, 2014**, incident. See [DE 1] at ¶¶ 19-26 (detailing allegations of "*assault,*" Plaintiff getting kneed to the head, having his head scratched into the road, having his arm broken, being punched in the face, and sustaining a torn left shoulder after being pulled over and handcuffed) (emphasis added). The injuries that Plaintiff allegedly sustained on July 23, 2014 - and that form the basis for Plaintiff's civil rights claims - were known to Plaintiff on July 23, 2014, and therefore accrued at such time. Brown; supra; Lavellee, supra.[2]

---

[2] Plaintiff's assertions that he "*learned of his injury via MRI on or around October 15, 2015*" and that he "*had no knowledge of who directly caused his injury until August 13, 2019*" are red herrings. [DE 94] at pg. 3. The critical facts, information, and reports regarding the July 23, 2014, incident were fully known, discoverable, or otherwise available to the Plaintiff beginning on July 23, 2014.

The fact that Plaintiff waited five years to conclude that he failed to name three additional defendants when it was within his power to determine all the parties involved in his arrest is insufficient grounds to conclude that the statute of limitations did not begin to run on the date the alleged subject incident occurred (July 23, 2014). See U.S. v. Kubrick, 444 U.S. 111, 123 (1979) ("*[a] plaintiff...**armed with the facts about the harm done to him**, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute...*").

In the end, Plaintiff knew that that he sustained his alleged injuries on July 23, 2014. Plaintiff therefore had until July 23, 2018, to file suit against the individuals he now seeks to sue. He failed to do so. As the statute of limitations has run on Plaintiff's claim, any attempt to now amend the complaint is wholly futile. Plaintiff's Motion should be denied.

### 1. No Delayed Discovery Doctrine

Plaintiff's assertion that "*August 13, 2019, is thus, the triggering date for the statute of limitation to commence...*" because that was when he obtained a copy of a report identifying additional officers is misguided. [DE 94] at pgs. 3-4.[3] Florida's delayed discovery doctrine has not been extended to § 1983 claims. Mack v. Loizzo, No. 08-20181-CIV, 2009 WL 4840200, at *4 (S.D. Fla. Dec. 14, 2009)[4] (finding that proposed new claims against previously unidentified officers were barred by the statute of limitations); see also

---

[3] While not specifically enumerated or identified in the Motion, Plaintiff appears to make reference to the delayed discovery doctrine. [DE 94] at pgs. 3-4. Defendants briefly dismiss any such argument.

[4] A case similar to the instant matter.

Raie v. Cheminova, Inc., 336 F.3d 1278, 1281 (11th Cir. 2003) (only statutory bases for delayed discovery doctrine for claims involving products liability, fraud, malpractice, or intentional torts based on child abuse). Plaintiff's Motion should be denied.

## 2. **No relation back**[5]

Further, a pro se § 1983 plaintiff's lack of knowledge as to the identity of a party does not constitute a "mistake" that can allow a claim against that party to relate back to an original pleading. Mack, 2009 WL 4840200, at *3, citing Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir.1999) (reversed on other grounds); Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998) (for a "John Doe" defendant, there was no "mistake" in identifying the correct defendant; rather, the problem was not being able to identify that defendant.).

In Wayne, the pro se plaintiff brought claims against numerous "John Doe" deputy sheriffs and later attempted to amend his complaint after the statute of limitations ran by replacing the "John Doe" deputy sheriffs with eight specifically-named deputy sheriffs he identified through discovery. Wayne, 197 F.3d at 1102. Notwithstanding the fact that the plaintiff was not able to identify the named deputies until he received discovery, the Eleventh Circuit Court of Appeals held that the claims against the named deputies could not relate back to the original complaint because the plaintiff did not make a "mistake" in identifying those parties in the original complaint. Id. at 1104. Rather, the plaintiff lacked knowledge of their identity at the time he filed the original complaint. Id. at 1104.

---

[5] Again, while not specifically enumerated in the Motion, Plaintiff asserts that "*in an abundance of caution, Plaintiff also included 'unknown' agents*" as defendants in his original complaint. [DE 94] at pgs. 3-4. The Defendants therefore briefly address, and dismiss, any argument or insinuation pertaining to the related back doctrine.

Accordingly, the court found the claims were barred by the applicable statute of limitations. Id.

Similarly, here, there is no evidence that Plaintiff made a "mistake" regarding the identification of named defendants. Mack, 2009 WL 4840200, at *3 ("*The Court is bound to follow Wayne 's bright-line rule that Plaintiff's lack of knowledge as to John Doe I's true identity cannot constitute a "mistake."*"). Consequently, Plaintiff's proposed claims against Diaz, Sanon, and Garcia do not relate back to the original complaint and are barred by the four-year statute of limitations. Id.

### B. Justice Will Not Be Served by Permitting Amendment

Further, the Defendants would be unfairly prejudiced and justice would not be served if Plaintiff is permitted to amend the complaint. The Defendants have been forced to defend Plaintiff's claims at great expense to the City of North Miami Beach's taxpayers. Moreover, the addition of Diaz, Sanon and Garcia as defendants to Plaintiff's claim would simply be unfair to each individual, as each would now be expected to prepare a defense to Plaintiff's claim in the eleventh hour.

Such tactic undermines the purpose of the statute of limitations. Plaintiff has a responsibility to fully investigate his claim. The failure to discover potentially additional relevant information in a timely manner does not negate compliance with the applicable statute of limitations.[6] Plaintiff's Motion should be denied in its entirety.

---

[6] Although Plaintiff is proceeding pro se, the relevant law and statute of limitations still applies. May v. Hatter, 2001 WL 579782, at *2 (S.D. Fla. May 15, 2001) ("*Although pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers," that does not mean they are held to no standard at all.*").

WHEREFORE, Defendants, ERIC DAVIS, JORGE NUNEZ, CARLOS CASTILLO, and PETE PEREZ, respectfully request entry of an Order denying Plaintiff, AMAURYS DEJESUS FERREIRA's, Motion for Leave to Amend the Operative Complaint, and provide any further relief the court deems necessary.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of October, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

        JOHNSON, ANSELMO, MURDOCH,
        BURKE, PIPER & HOCHMAN, P.A.
        **Attorneys for Defendants, Castillo, Nunez, Perez, and Davis**
        2455 E. Sunrise Boulevard, Suite 1000
        Fort Lauderdale, Florida 33304
        Telephone:   (954) 463-0100
        Facsimile:    (954) 463-2444

BY*:   s/Christopher J. Stearns*
        CHRISTOPHER J. STEARNS
        Florida Bar No. 557870
        Stearns@jambg.com
        Blouin@jambg.com

        */s/ Jonathan H. Railey*
        JONATHAN H. RAILEY
        Florida Bar No. 111717
        Railey@jambg.com
        lacava@jambg.com

## SERVICE LIST

**AMAURYS DEJESUS FERREIRA,** *PRO SE PLAINTIFF*
Register No.: 61468-004
Federal Correctional Complex
P.O. Box 1031
Coleman, Florida 33521

3162 West 69 Place
Hialeah, Florida 33018

**RICHARD A. GIUFFREDA, ESQ**.
PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
Attorneys for Defendants R. Vrchota, Keith Stokes and Aaron Silver
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:   (954) 462-3200
Facsimile:   (954) 462-3861
e-mail:   richard@purdylaw.com

**CHARLES WHITE, ESQ**.
UNITED STATES ATTORNEY'S OFFICE
Attorneys for United States of America; Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents (Sas) Pat Higgins, Javier Ribas and James Van Vliet; and ATF Task Force Officers (TFOs) Peter ChongYen, Troy Raines and Richard Silva
500 East Broward Boulevard, 7th Floor
Fort Lauderdale, Florida 33301-3002
Telephone:   (954) 660-5722
Facsimile:   (954) 356-7180
Charles.White@usdoj.gov

**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants Castillo, Nunez, Perez and Davis**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444
stearns@jambg.com / blouin@jambg.com